UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUDITH MARCIA WILLIAMS,

    Plaintiff,

v.                                           Case No. 4:22-cv-453-AW-MJF

NANCY PELOSI,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this civil-rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Doc. 1 at 4; Doc. 2 at 4. Because this complaint is frivolous and fails to state a claim upon which relief can be granted, the District Court should dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

### I. FACTUAL BACKGROUND

Plaintiff filed two court-approved complaint forms in this action. Doc. 1; Doc. 2. In her first complaint, Plaintiff alleges:

> Mrs. Madam Speaker-Nancy Pelosi has discriminated against me and refuses to respect me as a decent U.S. citizen and give me a out of court settlement or a phone settlement for the entire scandle that rock the nation and destroied my life, my respect, my married, and my family,

> and left me homeless plus destroied my home and life and disgraced my husband and his family. Also, a on going contrack on my former husband and I life for the next 30-40 years by the mofia crime heads of this country. Madam Speaker refuses to assist me or my husband who is handicap and mentally challenge in anyway, and I'm disable and a member of the royal family for Canada.

Doc. 1 at 5 (grammar and spelling errors in original). In her second complaint, she expounds on her allegations of "discrimination" and her connection to the "Royal Family for Canada":

> Mrs. Madam Speaker-Nancy Pelosi refuse to assist myself and my handicap former husband and his twin brother who are former soft jazz celebrity and now educated men just broke-and I'm Paul Hall niece from Canada a member of the Canadian Royal Family. My Uncle Paul Hall and his wife Charleen Hall and my Aunt Cynthia Grace Hall in Canada Alone with my Aunt Evon Hall [and] Horace Hall are the heads of the Royal Family for Canada [and] England!

Doc. 2 at 4–5 (grammar and spelling errors in original).

Plaintiff states that this suit is brought for "Discrimination of Judith Marcia Synmoie Williams, a Royal Queen, and here former handicap Husband Mr. Devon Dwight Williams, a former celebrity and now a professional person." *Id.* at 6 (grammar and spelling errors in original). Plaintiff seeks $350 million in damages. Doc. 1 at 7; Doc. 2 at 6.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the District Court is required to review her complaint to determine if the complaint is frivolous, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Mehmood v. Guerrra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.").

A court should dismiss a claim that is not supported by factual allegations, accepted as true, that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also should dismiss a claim when the allegations demonstrate that recovery is barred by an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001). Further, a court may dismiss a claim as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d

1165, 1168 (11th Cir. 2014). But federal courts "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

### III. DISCUSSION

**A.   Plaintiff's Claims Are Frivolous**

A claim is factually frivolous when it lacks any arguable basis in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Claims are frivolous as a factual matter when a plaintiff alleges fantastic, delusional, or incredible "facts." *Denton*, 504 U.S. at 32–33; *Neitzke*, 490 U.S. at 328; *see Iqbal*, 556 U.S. at 696 (noting that a claim is factually baseless when the "allegations are sufficiently fantastic to defy reality as we know it").

A claim is legally frivolous when it lacks an arguable basis in law. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. A claim is frivolous as a matter of law if it asserts an "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327–28. A district court may dismiss a claim for its frivolity when it "is based on an indisputably meritless legal theory." *Id.* at 327.

Plaintiff's asserts that:

- she is a Queen of the "Royal Family of Canada" and England;

- Pelosi was involved in some unspecified scandal that "rock[ed] this nation and destroied [Plaintiff's] life," which included hiring members of the mafia to kill Plaintiff and her former husband; and

- Pelosi failed to provide Plaintiff and Plaintiff's former husband with an "out of court settlement or phone settlement."

These assertions are fantastic, delusional, and incredible. Additionally, Plaintiff has failed to allege facts that could cause the District Court to conclude or infer that Pelosi infringed any legal interest of Plaintiff's. Thus, Plaintiff's claims are both factually and legally frivolous.

In assessing frivolity, a district court also may consider a litigant's history of asserting frivolous claims. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). The District Court, therefore, should consider that since *December 8, 2022*, Plaintiff has filed *thirteen* civil actions in the United States District Court for the Northern District of Florida, most of which appear to include allegations that are fantastic, delusional, and incredible:

- *Williams v. Lawson*, No. 4:22-cv-436-MW-MJF, Order Adopting Report and Recommendation, ECF No. 8 (N.D. Fla. Jan. 3, 2023) (dismissing Plaintiff's claims that various State and Federal officials failed to grant Plaintiff—a "Royal Queen from the Hall Royal Family" of Canada—diplomatic immunity).

- *Williams v. Dade Cnty.*, No. 4:23-cv-10-MW-MJF, Complaint, ECF No. 1 (suing "the State of Florida Government" because Plaintiff's deceased mother suffered "discrimination and harassment . . . by the entire city [of Miami] and the Jamaican Community and [was] Disgraced by the community and neighbors and treated poorly [and] horrible by the entire city and [Dade] county").

- *Williams v. Biden*, No. 4:22-cv-454-RH-MAF, Order Directing Plaintiff to Amend Her Complaint, ECF No. 6 (N.D. Fla. Dec. 16, 2022) (noting that Plaintiff's claim that President Biden did not provide an out-of-court settlement was insufficient to state a claim).

- *Williams v. Royal Family of Can.*, No. 4:22-cv-452-MW-MJF, Complaint, ECF No. 1 (alleging that Plaintiff is a "Royal Queen" of Canada and that "Royal Queen" Cynthia Hall—Plaintiff's Aunt—failed to distribute funds and property to Plaintiff).

- *Williams v. Bio-Life Plasma*, No. 4:22-cv-455-MW-MJF, Complaints, ECF Nos. 1, 2 (asserting claims under section 1983 and *Bivens* because after Plaintiff donated plasma, Defendant "waisted [sic] 16 hours of [Plaintiff's] time and turned [her] away" from donating plasma on five other occasions).

- *Williams v. Pasco Cnty.-Dade City Hous. Auth.*, No. 4:22-cv-457-MW-MAF, Complaints, ECF Nos. 1, 2 (asserting that seven years ago Plaintiff received

a letter from the Housing Authority which caused Plaintiff to move and which left her "homeless in the street and [she] had to move in with a K.K.K. member and a Arien [sic] because [she] had no other choice" and that this K.K.K. member placed Plaintiff in a "strange unit" in Tallahassee and caused a "few strange things" to happen since she moved to Tallahassee).

- *Williams v. Tallahassee Police Dep't*, No. 4:22-cv-444-AW-MAF, Complaint ECF No. 1 (asserting claims that the police department discriminated against Plaintiff insofar as the department failed to stop harassment "which is an embarrassment to her and her family").

As noted above, Chief Judge Mark Walker already has dismissed one of Plaintiff's civil actions because it was frivolous and failed to state a claim upon which relief can be granted. *Williams v. Lawson*, No. 4:22-cv-436-MW-MJF, Order Adopting Report and Recommendation, ECF No. 8 (N.D. Fla. Jan. 3, 2023). The fact that Plaintiff recently has filed twelve other lawsuits that appear frivolous—and a District Court Judge already has dismissed one of these cases because it was frivolous—further suggests that Plaintiff is asserting frivolous claims in this civil action.

B.   <u>**Plaintiff Cannot Bring Claims on Behalf of Others**</u>

Further, Plaintiff, proceeding *pro se*, appears to be asserting claims on behalf of other individuals, including her former husband and her former husband's twin

brother. Doc. 2 at 4–6. As a non-lawyer and proceeding *pro se*, Plaintiff cannot represent any person other than herself. *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (holding that although 28 U.S.C. § 1654 allows parties to plead and conduct their own cases personally, "[t]he right to appear *pro se* . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others"); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (interpreting the general provision permitting parties to proceed *pro se* as providing "a personal right that does not extend to the representation of the interests of others"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (holding that § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves"); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming the dismissal of a portion of a prisoner's complaint seeking relief on behalf of fellow inmates). Thus, any claim asserted by Plaintiff on behalf of her former husband and her former husband's twin brother must be dismissed.

C.      **Failure to State a Claim Upon Which Relief Can Be Granted**

In addition to the fact that Plaintiff's allegations are frivolous, Plaintiff failed to state a claim upon which relief can be granted. Plaintiff asserts that she is suing Pelosi in her individual and official capacities under 42 U.S.C. § 1983 and *Bivens*.

1.   *Failure to Identify Anyone Who Acted Under Color of State Law*

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) a person, acting *under the color of state law*, (2) deprived the plaintiff of a right protected under the Constitution or law of the United States. *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986). Here, Plaintiff named only Pelosi as a defendant. She does not identify any other defendant, including anyone that may have acted under color of state law. Because Plaintiff has failed to allege that anyone acted under color of state law, Plaintiff has failed to state a claim under section 1983 upon which relief can be granted.

2.   *Plaintiff Does Not Provide Sufficient Allegations to Support Her Individual-Capacity* **Bivens** *Claim*

A *Bivens* action is a "'more limited' 'federal analog' to section 1983 claims." *Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020). A *Bivens* action requires a plaintiff to allege the following elements: (1) the plaintiff suffered a deprivation of a federal right secured by the Constitution or a federal statute; and (2) the individual committing the act or omission causing the deprivation acted under color of federal law. *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).

The Supreme Court has held that a Bivens claim extends to "Fourth Amendment case[s] involving a search and seizure, a Fifth Amendment gender

discrimination case, and an Eighth Amendment case involving cruel and unusual punishment." *Johnson v. Burden*, 781 F. App'x 833, 836 (11th Cir. 2019) (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017)); *see Hernandez*, 140 S. Ct. at 744 (noting that *Bivens* has extended to an "alleged unconstitutional arrest and search" and "alleged sex discrimination on Capitol Hill"). Also, because *Bivens* was created by the Supreme Court, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1857 (2017) (quoting, *Iqbal*, 556 U.S. at 675); *see Hernandez*, 140 S. Ct. at 743 (reiterating that expanding *Bivens* is a "disfavored judicial activity" and noting that "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*").

Here, Plaintiff has not asserted a claim of unlawful search and seizure, a gender discrimination case, or one involving cruel and unusual punishment (*i.e.*, one of the *Bivens* claims that the Supreme Court has authorized). In fact, Plaintiff failed to identify any specific constitutional provision or federal statute that Pelosi allegedly violated. Doc. 1 at 7 (stating that "no" "rights under the Constitution, laws, or treaties of the United States have been violated"); *see* Doc. 2 (noting that her claim was based on "discrimination" that she and her former husband suffered). Thus, Plaintiff has failed to state an individual-capacity *Bivens* claim upon which relief can be granted.

### 3.  *Plaintiff Cannot Maintain an Official-Capacity* Bivens *Claim*

Finally, to the extent Plaintiff attempts to assert a *Bivens* claim against Pelosi in her official capacity, official-capacity claims are not cognizable under *Bivens*. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69–71 (2001). For this reason, too, the District Court should dismiss Plaintiff's *Bivens* claim.

### IV. CONCLUSION

Because Plaintiff's complaint is factually and legally frivolous and fails to state a claim upon which relief may be granted, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); and

2. **DIRECT** the clerk of the court to terminate all pending motions and close this case file.

At Pensacola, Florida, this 10th day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14)**

**days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**